IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTOR MARK SIMMONS,

          Plaintiff,

vs.                           Case No. 20-3065-SAC

STATE OF KANSAS,
CRAWFORD COUNTY SHERIFF'S OFFICE,
DANNY SMITH, Sheriff of Crawford
County, and
JOE NOGA, Officer of Pittsburg Police
Department,

          Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging that he was illegally stopped and arrested in the District of Kansas in violation of 42 U.S.C. § 1983. Plaintiff is incarcerated at the Norton Correctional Facility. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558 U.S. 1148 (2010). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

II. Complaint

Plaintiff alleges that on October 25, 2016, defendant Noga, a police officer for the Pittsburg Police Department, made an illegal traffic stop when he pulled plaintiff over without reasonable suspicion that plaintiff had committed a traffic violation or other infraction. Plaintiff further alleges that he was illegally arrested and did not make bond until after two or three months of sitting in jail. This case was filed on February 26, 2020.

Plaintiff has attached a state court order dated December 4, 2019 which sustained a motion to suppress evidence in a criminal case filed against plaintiff. The order found that defendant Noga conducted a traffic stop without reasonable suspicion of a crime in violation of the Constitution. The order suppressed any

evidence seized in searches conducted subsequent to the traffic stop. Plaintiff seeks relief in the form of monetary damages.

III. Analysis

The Eleventh Amendment grants immunity to the State of Kansas against any claim for damages brought under 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Therefore, any damages claim against the State of Kansas should be dismissed.

The Crawford County Sheriff's Office is not alleged to have caused the traffic stop and the arrest. It is not responsible for damages under § 1983 merely because it may have employed a person who violated plaintiff's constitutional rights. Connick v. Thompson, 563 U.S. 51, 60 (2011). Rather, a local government is liable where enforcement of policies or customs by their employees or a failure to train employees causes a deprivation of a person's federally protected rights. See Bd. Of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-04 (1997). In this instance, plaintiff does not allege that the Sheriff's Office employed defendant Noga and does not claim that his injuries were caused by the enforcement of Sheriff's Department policies or customs or by a lack of training. Therefore, a valid constitutional claim is not stated against the Crawford County Sheriff's Office.

Moreover, the Crawford County Sheriff's Office is not a suable entity under Kansas law and may not be named as a defendant in a

§ 1983 action. See K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners); Brown v. Sedgwick County Sheriff's Office, 513 Fed.Appx. 706, 707-08 (10th Cir. 3/12/2013)(affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); Wright v. Wyandotte County Sheriff's Dept., 963 F.Supp. 1029, 1034 (D.Kan. 1997)(dismissing a § 1983 claim against a Kansas county sheriff's office for the same reason). To bring a § 1983 action against the Sheriff's Office, plaintiff must sue the county by naming the county's board of commissioners. Ayesh v. Butler County Sheriff's Office, 2019 WL 6700337 *4 (D.Kan. 12/9/2019).

Plaintiff also does not allege that defendant Smith caused the illegal traffic stop and arrest. "[P]ersonal participation in the specific constitutional violation complained of is essential." Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011); see also Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). The complaint makes no allegations against defendant Smith other than that he was the Sheriff at the time of the incident. Therefore, a claim has not been stated against defendant Smith.

Finally, as to defendant Noga and the other defendants, plaintiff's claims appear to be untimely filed.[1] The statute of

---

[1] Dismissal sua sponte under § 1915 or § 1915A for a statute of limitations bar is appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fogle

5

limitations for a § 1983 claim in Kansas is two years.  Brown v. U.S.D. 501, 465 F.3d 1184, 1188 (2006).  Plaintiff alleges that the illegal stop and arrest occurred on October 25, 2016.  He alleges that he was held in jail for two or three months.  The date his action for an illegal stop or arrest accrued was October 25, 2016.  See Wallace v. Kato, 549 U.S. 384, 388 (2007); Laurino v. Tate, 220 F.3d 1213, 1217 (10th Cir. 2000).  The time for filing suit expired two years later.  The court is aware of no grounds that would support suspending the running of the statute of limitations.  Therefore, it appears that plaintiff has filed this action substantially too late.

III. Conclusion

For the above-stated reasons, the court believes that the complaint fails to state a claim.  The court shall direct that plaintiff by April 21, 2020 show cause why plaintiff's claims should not be dismissed as explained in this order.  In the alternative, plaintiff may file an amended complaint by April 21, 2020 which corrects the deficiencies discussed herein.  An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to the original complaint.  If

---

v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted).

plaintiff fails to respond in some manner by April 21, 2020, this case shall be dismissed.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge