IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICTOR MARK SIMMONS,

    Plaintiff,

vs.           Case No. 20-3065-SAC

STATE OF KANSAS,
CRAWFORD COUNTY SHERIFF'S OFFICE,
DANNY SMITH, Sheriff of Crawford
County, and
JOE NOGA, Officer of Pittsburg Police
Department,

    Defendants.

## **O R D E R**

This case is before the court for additional screening and upon plaintiff's motion for appointment of counsel.

Background

Plaintiff's original complaint alleged that police officer Joe Noga was stopped plaintiff while he was driving in violation of the Constitution on October 25, 2016. Plaintiff also named the State of Kansas, the Crawford County Sheriff's Office and Sheriff Danny Smith as defendants. The court screened the original complaint and found: that the Eleventh Amendment barred plaintiff's claim against the State of Kansas; that the Crawford County Sheriff's Office was not a suable entity; and that plaintiff had not alleged that the Sheriff's Office or Danny Smith had caused

1

or participated in the alleged unlawful stop.  Doc. No. 5.  The court also stated that it appeared that plaintiff's claims against all the defendants were untimely because the complaint was filed more than two years after the alleged unlawful stop.  The court granted plaintiff time until April 21, 2020 to file an amended complaint or to show cause why plaintiff's claims should not be dismissed.  The court cautioned plaintiff that an amended complaint must contain all of the claims upon which plaintiff wishes to proceed and should not refer back to the original complaint.

The amended complaint

Plaintiff quickly responded with an amended complaint.  Doc. No. 6.  The amended complaint lists two defendants, Noga and Smith.  The amended complaint does not recite many factual allegations and seems to rely upon the original complaint for factual context.  The amended complaint does state that:

> On October 25, 2016, I was pulled over by Officer Joe Noga.  I asked him why he'd pulled me over and he said that I had a warrant for my arrest.  And I could not file this complaint until my court procedures were over with and that I gotten a final judgment from the Judge.

Doc. No. 6, p. 2.  The amended complaint also states:

> I had to wait on the decision from the court procedures and the Judge finally said that the traffic stop was unconstitutional and after that that's when I was able to file my complaint . . . You asked me to give you a reason why my case should not be dismissed.  My reason being is because of the final decision from the courts.

Doc. No. 6, p. 3. This refers to a state court opinion issued December 4, 2019 in a criminal action against plaintiff which arose from the traffic stop. See Doc. No. 1-1.

The state court order suppressed evidence collected as a result of the traffic stop upon a finding that the stop was without reasonable and articulable suspicion and therefore unconstitutional. The order found that when Officer Noga pulled plaintiff over he said he thought plaintiff's brother Charles was driving the vehicle and that was the reason he stopped plaintiff. Officer Noga testified at a preliminary hearing that he thought neither plaintiff nor his brother had driver's licenses. But, Noga could not recall when he last had contact with defendant or did a driver's license check on defendant prior to the stop.

Screening

The amended complaint does not list grounds for finding defendant Smith liable for an unconstitutional traffic stop or other constitutional violation. Therefore, it appears that defendant Smith should be dismissed from this case.

As for the statute of limitations issue raised in the first screening order, the Tenth Circuit has recently stated that "'[w]hile the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.'" Caballero

3

v. Wyandotte County Sheriff's Dept., 789 Fed.Appx. 684, 686 (10th Cir. 2019)(quoting Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Plaintiff does not dispute the court's findings in the first screening order that the limitations period is two years and that his cause of action accrued on October 25, 2016. He contends that the limitations bar is unfair in this case because he could not file his complaint before the state court's ruling upon the suppression motion. In Wallace v. Kato, 549 U.S. 384, 396 (2007), however, the Supreme Court specifically rejected the argument that equitable tolling should apply as long as the issues raised in a § 1983 claim are being pursued in state court. In doing so, the Court noted that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances." Id.

State law generally governs the tolling of the limitations period in § 1983 cases, "'except that federal law might also allow additional equitable tolling in rare circumstances.'" Caballero, 789 Fed.Appx. at 686 (quoting Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008)). Plaintiff does not appear to have alleged facts which describe a basis under Kansas or federal law for avoiding a statute of limitations defense. Plaintiff states that he could not file this case until his state court proceedings were over and that he had to wait. But, plaintiff does not allege why

4

he had to wait or who told him to wait or how he was prevented from filing this case before his state court case was completed.

At this stage, plaintiff has failed to assert facts clearly providing a reasonable basis to toll the running of the limitations period or to estop a defendant from asserting a limitations defense. The court shall give plaintiff one more opportunity to amend the complaint. An amended complaint should be filed by April 20, 2020. An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed. An amended complaint should not refer back to the original complaint. If plaintiff fails to respond in some manner by April 20, 2020, this case shall be dismissed.

Motion for appointment of counsel

Plaintiff has filed a motion for appointment of counsel. Doc. No. 3. In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.'" Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). The court understands that

plaintiff may face some obstacles in presenting the facts and law concerning his case. But, this is a relatively simple case and, at this point in time, the court is not convinced that appointment of counsel is warranted. Considering all of the circumstances, including that the case may be untimely filed, the court shall deny plaintiff's motion for appointment of counsel without prejudice to plaintiff renewing his request at a later point in this litigation.

Conclusion

Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied without prejudice. Plaintiff is granted time until April 20, 2020 to file another amended complaint which corrects the deficiencies in the previous complaints as to timeliness of plaintiff's claims and plaintiff's claims as to defendant Smith.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge